**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO. 8:14-cv-1949-T-23TGW

SHIRLEY SIEWIOREK,

Plaintiff,

vs.

BUTLER & HOSCH, P.A., SHD LEGAL GROUP, PA, RUWAN P. SUGATHAPALA, ESQ., AMBER JOHNSON, ESQ., ET AL,

Defendants.
_____________________________________/

**DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. RULE 11 AND INCORPORATED MEMORANDUM OF LAW**

Defendants, SHD LEGAL GROUP, P.A. (hereinafter "SHD"), RUWAN P. SUGATHAPALA, ESQ., AND AMBER JOHNSON, ESQ., (hereinafter collectively the "SHD Defendants") through undersigned counsel and pursuant to Rule 11 of the Federal Rules of Civil Procedure, move for entry of sanctions against Plaintiff, SHIRLEY SIEWIOREK (hereinafter "SIEWIOREK") and her counsel, Brett Wadsworth, Esq., of Brett Wadsworth, LC, (hereinafter "WADSWORTH") based on the following:

I. Summary of Motion: On or about October 30, 2014 SIEWIOREK, by and through counsel, WADSWORTH, filed a Complaint, Demand for Jury Trial and Demand for Attorney's Fees (hereinafter the "Complaint") against several Defendants, including the SHD Defendants. The Complaint contains specific allegations of wrongdoing against SIEWIOREK that allegedly took place during a mortgage foreclosure action filed in Hillsborough County, under Civil Case No.: 13-CA-006645 (hereinafter the "Underlying Foreclosure Action"). A copy of the docket is

attached hereto as Exhibit "A."[1] A plain review of the Hillsborough County Civil Court Docket, and the pleadings from the Underlying Foreclosure Action, all of which are readily available to all parties to this litigation with very little effort, unequivocally reveals the following:

a. Butler and Hosch, P.A. was original counsel for the Plaintiff in the Underlying Foreclosure Action. A true and correct copy of the Complaint to Foreclosure Mortgage is attached hereto as Exhibit "B."

b. Butler and Hosch, P.A. dropped SIEWIOREK as a named party in the Underlying Foreclosure Action on August 9, 2013. A true and correct copy of the Notice of Dropping Party Defendants is attached hereto as Exhibit "C."

c. SHD Legal Group, P.A. stipulated in as counsel for the Plaintiff by Order dated November 5, 2013, nearly three (3) months after SIEWIOREK was dismissed from the Underlying Foreclosure Action. A true and correct copy of the Complaint to Foreclosure Mortgage is attached hereto as Exhibit "D."

Based on the above, it is readily apparent that the SHD Defendants were not counsel of record in the Underlying Foreclosure Action at any time during which SIEWIOREK was a named Defendant in that action. As a result, the allegations against the SHD Defendants are clearly frivolous, lack evidentiary support, and are not warranted under existing law in violation of Rule 11(b). As a result, the filing of the Complaint against the SHD Defendants requires the imposition of sanctions under Rule 11.

II. Rule 11 Standard: A district court has the discretion to award Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when a party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot

[1] This Court may take judicial notice of a docket filed in another court to establish the fact of such litigation and related filings. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith or for an improper purpose. *Massengale v. Ray*, 267 F. 3d 1298 (11th Cir. 2001); *Anderson v. Smithfield Foods, Inc.*, 353 F. 3d 912 (11th Cir. 2003) Rule 11 sanctions are warranted if a party exhibits a deliberate indifference to obvious facts. *Riccard v. Prudential Ins*. Co., 307 F. 3d 1277 (11th Cir. 2002) Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses. *Massengale*, *supra*, at 1302 (citation omitted).

III. Persisting With Contentions Have Been Disproved Requires Sanctions Be Imposed: In assessing the propriety of Rule 11 sanctions, the inquiry is (1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous. *Peer v. Lewis*, 606 F. 3d 1306, 1311 (11th Cir. 2010) The advisory committee notes on the amendments to Rule 11 emphasized "the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." *Id.* (citing Fed. R. Civ. P. Rule 11 advisory committee note of 1993). "The commentary specifically notes that 'if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention." *Id.*

## STATEMENT OF FACTS

1. On April 25, 2013, U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association as Trustee as Successor by Merger to LaSalle Bank National Association, as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities 1LLC, Asset-Backed Certificates, Series 2006-AQ1, by and through counsel, Butler and Hosch,

P.A., filed a foreclosure action in Hillsborough County under Civil Case No.: 13-CA-006645. See Exhibit "B."

2. On or about August 9, 2013, Butler and Hosch, P.A. filed a Notice of Dropping Party Defendants in which they dismissed the action as to Defendant, SIEWIOREK. See attached Exhibit "C." Such Notice is reflected under the "Dispositions" Section of the Court's Docket, and is further referenced in the Court's notes dated February 7, 2014. See Exhibit "A."

3. On or about October 31, 2013 Judge Raul Palomino, Jr. entered an Order granting the substitution of SHD Legal Group, P.A. in place of Butler and Hosch, P.A. in the underlying foreclosure action. See attached Exhibit "D."

4. The sole allegation of wrongdoing again the SHD Defendants is set forth in paragraph 14 of the Complaint wherein SWIEWIOREK alleges:

> Although the defendants have been advised by Ms. Ms. [sic] Siewiorik [sic] and her counsel of the error in their pleading, the underlying foreclosing plaintiff continues to prosecute and seek foreclosure against Ms. Siewiorik [sic] and, in addition, has failed to correct the erroneous pleading even though they have been made aware of the pleading error.

5. The record clearly shows SIEWIOREK is not a litigant to the Underlying Foreclosure Action, and has not been at any time during which the SHD Defendants have been involved in the underlying foreclosure lawsuit.

## <u>SIEWIOREK AND WADSWORTH'S CONDUCT REQUIRES THIS COURT TO IMPOSE SANCTIONS</u>

6. <u>Violations that Warrant Imposition of Sanctions:</u> SIEWIOREK and her counsel violated Rule 11 by filing the Complaint alleging the SHD Defendants wrongfully attempted to collect a debt against SIEWIOREK. A plain review of the court docket from the underlying foreclosure action, as well as the pleadings filed therein, completely undermined SIEWIOREK's

claim, and such information has at all times relevant hereto been readily apparent such that SIEWIOREK and her counsel knew or should have known the allegations set forth in the Complaint are completely devoid of an evidentiary foundation.

7. Conditions Precedent Satisfied: Prior to the filing of this motion, the undersigned served the SIEWIOREK's counsel with this motion and a cover letter advising him of the frivolous nature of this action. See attached Exhibit "E." As SIEWIOREK, and her counsel, failed to rectify the deficiencies of the Complaint, the undersigned filed this motion.

8. Sanctions Warranted: SIEWIOREK's counsel's lack of due diligence in investigating these allegations prior to filing this action, and continued pursuit of this action in the absence of any evidentiary support requires sanctions to be imposed.

WHEREFORE, Defendants, SHD LEGAL GROUP, P.A., Ruwan Sugathapala, Esq, and Amber Johnson, Esq., request the entry of sanction against Plaintiff, SHIRLEY SIEWIOREK and her counsel, Brett Wadsworth, Esq. of Brett Wadsworth, LC, in regards to their preparation and filing, and continued prosecution of the Complaint, in accordance with this Motion, and for any such further relief this Court deems just and proper.

Respectfully submitted,

SHD Legal Group, P.A.
PO BOX 11438
Fort Lauderdale, FL 33339-1438
Phone: (954) 564-0071
Fax: (954) 564-9252
E-mail: rdiaz@shdlegalgroup.com
Secondary E-mail: adiaz@shdlegalgroup.com

By: /s/ Roy A Diaz
ROY A. DIAZ
FLORIDA BAR No. 767700