UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHIRLEY SIEWIORIK,

    Plaintiff,

v.                                                           CASE NO. 8:14-cv-1949-T-23TGW

BUTLER & HOSCH, P.A., et al.,

    Defendants.
_____/

## **ORDER**

Shirley Siewiorik sues (Doc. 1) SHD Legal Group, Ruwan P. Sugathapala, Amber Johnson, and Wendy S. Griffith[1] under the Fair Debt Collection Practices Act (FDCPA). Griffith answered (Doc. 28) the complaint and moves (Doc. 35) for judgment on the pleadings.[2]

---

[1] The complaint names two other defendants, but another order dismisses the two defendants because Siewiorik timely served neither.

[2] Leading authorities recommend that, rather than move for judgment on the pleadings, a litigant move either to dismiss for failure to state a claim or for summary judgment. *E.g.*, Wright & Miller, *Federal Practice and Procedure*, Vol. 5C, § 1369 (3d ed. 2014) ("In light of the battery of pretrial motions available under the federal rules and the conversion provision in Rule 12(c) itself, there probably is little need for retaining the judgment on the pleadings as a separate procedure for testing the sufficiency of the pleadings. Its essential function, that of permitting the summary disposition of cases that do not involve any substantive dispute that justifies a full trial, can be handled more effectively under the summary judgment procedure or, on occasion, the Rule 12(b)(6) motion. . . . At this point in time the Rule 12(c) motion is little more than a relic of the common law and code eras. Its preservation in the original federal rules undoubtedly was due to the undeveloped character of the summary judgment procedure and the uncertain scope of the Rule 12(b)(6) motion.").

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).  Thus, "[i]n determining whether a party is entitled to judgment on the pleadings," a district court must "accept as true all material facts alleged in the non-moving party's pleading" and must "view those facts in the light most favorable to the non-moving party." *Perez*, 774 F.3d at 1335.  The few pertinent allegations in Siewiorik's (error infested) complaint follow.[3]

"[T]hrough" Griffith, a law firm served Siewiorik "with a Complaint to Foreclosure Mortgage, on behalf of" a mortgage lender.  (Doc. 1 ¶ 10)  "At sometime after" the service, SHD Legal, Sugathapala, and Johnson "made and appearance and been the counsel of record for the underlying plaintiff."  (Doc. 1 ¶ 11)  Siewiorik argues that "[t]he underlying cause of action wrongfully claims that Ms. Ms. Siewiorik is the owner of the real property sought to be foreclosed upon."  (Doc. 1 ¶ 12)  Siewiorik sues under the FDCPA because, "[a]lthough the defendants have been advised by Ms. Ms. Siewiorik and her counsel of the error in their pleading, the underlying foreclosing plaintiff continues to prosecute and seek foreclosure against Ms. Siewiorik and, in addition, has failed to correct the erroneous pleading even though they have been made aware of the pleading error."  (Doc. 1 ¶ 14)

---

[3] The six-page complaint contains a second claim, a claim for "defamation/liable," but an earlier order dismissed the only defendant named in that claim.

Although Siewiorik (poorly) identifies the defendants' allegedly actionable conduct, Siewiorik fails to identify a section of the FDCPA that the defendants violated. The complaint identifies Section 1692 as the basis of the claim (Doc. 1 ¶ 1), but Section 1692 (entitled "Congressional findings and declaration of purpose") creates no claim. The complaint also identifies Section 1992k(d). However, no Section 1992k exists. Review of the FDCPA reveals that, rather than Section 1992k(d), Siewiorik intends to cite Section 1692k(d). Nonetheless, like Section 1692, Section 1692k(d) creates no cause of action.[4]

Most likely, by suing under Section 1692, Siewiorik intends to sue broadly under any section of the FDCPA, which spans from Section 1692 through Section 1692p. But Section 1692 is distinct from, not inclusive of, Sections 1692a through 1692p.

Griffith's motion (Doc. 35), which struggles to identify the sections of the FDCPA under which Siewiorik sues, is construed as a motion for a more definite statement and is **GRANTED**. No later than **MAY 5, 2015**, Siewiorik must amend the complaint to identify each section of the FDCPA that the defendants allegedly violated. Further, although both Griffith and the remaining defendants demonstrate

---

[4] Entitled "Jurisdiction," Section 1692k(d) states, "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

that Siewiorik's attorney acted in error, the motions (Docs. 34, 36) for involuntary dismissal are **DENIED**.  Similarly, the motion (Doc. 30) for sanctions is **DENIED**.

ORDERED in Tampa, Florida, on April 17, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE